JAP:RTP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

CHRISTOPHER HERNANDEZ,

        Defendant.

- - - - - - - - - - - - - - - -X

M12-0358

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      Tamika Comrie, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about April 9, 2012, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER HERNANDEZ did knowingly, intentionally and unlawfully import into the United States from a place outside thereof heroin, a Schedule I controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On April 9, 2012, the defendant CHRISTOPHER HERNANDEZ arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard JetBlue flight no. 822 from Santo Domingo, Dominican Republic.

2. During an enforcement examination, a Customs and Border Protection Officer noticed that the defendant CHRISTOPHER HERNANDEZ was visibly nervous. During questioning, the defendant informed the officer that he purchased his ticket just a few hours before his flight. The defendant also attempted to avoid responding to several of the officer's questions by instead asking the officer questions about the officer's personal and work histories.

3. The officer requested and received permission from a supervisor to conduct a pat-down of the defendant CHRISTOPHER HERNANDEZ. The pat-down was negative. The defendant remained nervous. The officer then asked the defendant whether he had swallowed any drugs. The defendant told the officer that he had swallowed sixty (60) pellets.

4. The defendant CHRISTOPHER HERNANDEZ was presented with an x-ray consent form, which he voluntarily signed. The defendant was transported to the medical facility at JFK, where an x-ray was taken of the defendant's intestinal tract, which was positive for foreign bodies. On April 9, 2012, at approximately 4:40 p.m., the defendant passed 5 pellets, one of

which field-tested positive for the presence of heroin. The defendant was then placed under arrest.

5. The defendant CHRISTOPHER HERNANDEZ will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that the defendant CHRISTOPHER HERNANDEZ be dealt with according to law.

TAMIKA COMRIE
Special Agent
HSI

Sworn to before me this
10th day of April, 2012

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK